{¶ 48} I dissent because the officer lacked reasonable suspicion or probable cause to continue to detain appellant once he realized that she was not the registered owner. Immediately upon approaching the vehicle, the officer recognized appellant and knew that she was not Turvene, the vehicle's registered owner. He stopped the vehicle on suspicion that the vehicle's registered owner lacked a valid driver's license. That suspicion dissipated once the officer observed that appellant was not the registered owner and the officer, therefore, had no cause to continue to detain appellant and request her driver's license. At most, he could have offered appellant a courtesy explanation for the stop. Had he then observed additional facts that gave rise to independent reasonable suspicion, he could have detained appellant. Without additional independent reasonable suspicion, he unlawfully detained appellant.
 {¶ 49} For example, in State v. Chatton (1984),11 Ohio St.3d 59, 463 N.E.2d 1237, the court held that the officer could not request a driver's license and further detain a driverfor suspicion of improper display of license plates when the officer observed, immediately upon approaching the vehicle, that it had a temporary license place. In Chatton, the court considered "whether the police officer, having detained appellee for a suspected traffic violation, continued to possess the authority to detain appellee for the purpose of determining the validity of appellee's driver's license once the officer no longer had reason to suspect that appellee was committing any traffic violation." The parties agreed that the officer was justified in stopping the vehicle, but disputed whether the officer could continue to detain the driver and demand his driver's license once the officer saw the temporary tags on the rear deck of the vehicle.
In reaching its decision, the court referred to Delaware v.Prouse, which held: * * * [E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under theFourth Amendment.
Id. at 61, quoting Delaware v. Prouse (1979), 440 U.S. 648,663, 99 S.Ct. 1391, 59 L.Ed.2d 660.
 {¶ 50} The court concluded that "once the police officer * * * observed the temporary tags, [the defendant] could no longer be reasonably suspected of operating an unlicensed or unregistered vehicle." Id. at 63. The court reasoned: "[B]ecause the police officer no longer maintained a reasonable suspicion that [the defendant's] vehicle was not properly licensed or registered, to further detain [the defendant] and demand that he produce his driver's license is akin to the random detentions struck down by the Supreme Court in Delaware v. Prouse, supra. Although the police officer, as a matter of courtesy, could have explained to appellee the reason he was initially detained, the police officer could not unite the search to this detention, and appellee should have been free to continue on his way without having to produce his driver's license." Id. at 63. Similarly, in the case at bar, the officer immediately recognized appellant and knew she was not the registered owner of the vehicle. Thus, he no longer suspected that the registered owner of the vehicle was operating that vehicle without a license. Because he no longer could reasonably suspect that a crime was occurring, appellant should have been free to continue on her way without having to produce a driver's license. See also my abbreviated dissent in a companion case,State v. Morgan, Highland 05CA14, 2006-Ohio-3659.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J.: Dissents with Dissenting Opinion.
McFarland, J.: Concurs in Judgment Opinion.